# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| CRAIG O. COPLEY, )<br>)<br>Petitioner, )<br>v. )<br>)<br>ROBERT McFADDEN, Warden, )<br>United States Medical Center )<br>for Federal Prisoners, )<br>Springfield, Missouri, et al., )<br>Respondents. ) | Civil Action<br>No. 04-3416-CV-S-RED-H |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate formerly confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he complains about his mental health commitment. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner's claims are not properly before this Court, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that he received ineffective assistance of counsel in connection with his effort to be discharged under 18 U.S.C. § 4246, which was ordered by a federal judge in North Carolina. He also contends that the Medical Center is not a certified mental hospital and his confinement at the Medical Center constitutes cruel and unusual punishment. It is petitioner's assertion, additionally, that the district court in North Carolina lacked jurisdiction to entertain his commitment proceedings.

A review of the records and files in this case establish that petitioner was properly committed

for mental health care and treatment by the District Court for the Eastern District of North Carolina. United States v. Copley, 935 F.2d 669 (4th Cir. 1991). The law is well-settled that jurisdiction on issues regarding the fact or duration of a mental health commitment lies in the committing court. United States v. Copley, 25 F.3d 660, 662 (8th Cir. 1994). Habeas corpus relief is available, if at all, in the committing district. See Archuleta v. Hedrick, 365 F.3d 644, 648-49 (8th Cir. 2004).

Regarding petitioner's challenges to being housed at the Medical Center, the law is clear that the Medical Center has been determined to be a suitable facility in which to house mentally ill inmates. Phelps v. United States Bureau of Prisons, 62 F.3d 1020, 1023 (8th Cir. 1995).[1]

Because this Court lacks jurisdiction of petitioner's claims regarding his mental health commitment and because his other claim fails to allege a constitutional violation, it must be recommended that the petition for habeas corpus relief be dismissed.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition for a writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate

Date: 5/19/05

---

[1] Petitioner is not currently housed at the United States Medical Center for Federal Prisoners.